UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY ALEXANDER, an individual, DONALD PORTER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>HUSSAM KUJOK, an individual; HUSSAM KUJOK, M.D., INC.; MARK DEBRUIN, an individual; DEBRUIN MEDICAL CENTER, A.P.C.; GILBERT MARTINEZ, an individual; FAMILY MEDICINE AND AMBULATORY CARE CENTERS, INC.; DHEERAJ KAMRA, an individual; CAPITOL INTERNAL MEDICINE ASSOCIATES; THOMAS A. DEL ZOTTO, an individual; ROBERT W. LARSEN, an individual; and DOES 1 through 10 inclusive,<br><br>Defendants. | No. 2:15-cv-00477-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through this lawsuit, Plaintiffs Kelly Alexander and Donald Porter ("Plaintiffs" unless otherwise noted) seek damages and injunctive relief under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"). The jurisdiction of this court is premised on federal question jurisdiction in accordance with 28 U.S.C. § 1331. In addition to their federal claims under the ADA, Plaintiffs also assert pendant state law claims under 1) California's Unruh Civil Rights Act, California Civil Code § 51, et seq.;

1

2) California's Disabled Persons Act, California Civil Code § 54, et seq.; 3) California's Bane Act, California Civil Code § 52.1; and 4) common law negligence claims.  Finally, Plaintiffs also assert a cause of action for violation of the Rehabilitation Act, 29 U.S.C. § 794.  Presently before the Court are virtually identical motions to drop or sever brought by three of the six doctors/medical entities being sued by Plaintiff Alexander.[1]  Those Defendants include 1) Hussam Kujok M.D. and his medical practice, Hussam Kujok, M.D., Inc. (collectively "Dr. Kujok"); 2) Mark Debruin and his medical practice, Debruin Medical Center A.P.C. ("Dr. Debruin"); and 3) Robert W. Larsen, DPM ("Dr. Larsen").

All three Defendants claim that Plaintiffs' claims against them are separate and unrelated, and consequently lack the common questions of law or fact necessary to justify joinder under Federal Rule of Civil Procedure 20.[2]  Arguing that they have therefore been misjoined, Defendants move to drop or sever their joint status as Defendants pursuant to Rule 21.  Defendants thereby request that any claims against them be tried separately as opposed to adjudicated together in the same proceeding.

For the reasons set forth below, Defendants' Motions to Drop or Sever are DENIED.[3]

## BACKGROUND[4]

Plaintiffs, who are both profoundly deaf, use American Sign Language ("ASL") as their primary means of communication.  Both are on SSI and their Medi-Cal coverage

---

[1] The second Plaintiff, Donald Porter, asserts claims only against Gilbert Martinez and his medical practice, Family Medicine and Ambulatory Care Centers, Inc.  Neither Dr. Martinez nor his practice has moved to drop or sever and consequently Plaintiff Porter's claims are not implicated by this Memorandum and Order.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Having determined that oral argument was not of material assistance, the Court ordered this Motion submitted on the briefing in accordance with Local Rule 230(g).

[4] The facts in this section are drawn, in some cases verbatim, from the allegations as set forth in Plaintiffs' First Amended Complaint.

1  was assigned to the Hills Medical Group, a large consortium of some 3,800 physicians.
2  When their primary physician, Mark Moody, retired, both Plaintiffs needed to find a new
3  doctor within the Hills Group.  Plaintiffs Alexander and Porter were initially referred for
4  that purpose to Drs. Kujok and Martinez, respectively.
5   Plaintiff Alexander was told by Dr. Kujok's office in April of 2014 that they were no
6  longer accepting new patients once told she needed an ASL interpreter.  Plaintiff's
7  insurance agent then called and was ultimately told that Dr. Kujok was not willing to
8  provide interpreting services.
9   Following Dr. Kujok's refusal to provide medical treatment with the aid of an ASL
10  interpreter, Plaintiff Alexander sought care from several other Hills Physician Group
11  doctors.   In July of 2014, she was accepted as a patient by Dr. Debruin and scheduled
12  an initial appointment on July 28, 2014.  Dr. Debruin's office informed Plaintiff that they
13  would not schedule an interpreter.  Although his staff later told Plaintiff that they would
14  make the necessary arrangements, when Alexander presented for her initial visit she
15  was told that no interpreter had been ordered.  During the course of his evaluation,
16  Dr. Debruin told Alexander that she could communicate well and didn't need an
17  interpreter. When Dr. Debruin suggested they use notes, Alexander explained that ASL
18  is not English and is not directly translatable. According to Plaintiff, particularly when
19  technical terms are involved, use of ASL is critical for purposes of accurate
20  communication.  Dr. Debruin's insistence that Plaintiff could in that event communicate in
21  writing caused Alexander to leave his office.
22   Plaintiff Alexander was subsequently referred to a third potential primary care
23  doctor, Dr. Kamra.  Although Kamra's office staff originally advised Plaintiff that an ASL
24  interpreter would be provided, when she arrived for her appointment no interpreter was
25  present.  Plaintiff went ahead and saw Dr. Kamra anyway because the foot injury she
26  was suffering from had already been exacerbated by delay occasioned by the above-
27  described interpreter issues.  Alexander therefore felt she needed immediate attention
28  and could not wait to reschedule.  According to Plaintiff, her communication was

1  impeded without an interpreter and Dr. Kamra failed to correctly note Plaintiff's allergy to
2  iodine.
3     Dr. Kamra did refer Plaintiff to a podiatrist, Dr. Del Zotto, to evaluate a foreign
4  body in her left foot.  Dr. Del Zotto told Plaintiff, however, that his business partner,
5  Dr. Larsen, refused to provide interpreting services and that she would have to go to a
6  different podiatrist.   Plaintiff's appointment with Dr. Del Zotto was accordingly cancelled.
7     As a result of the conduct of the above-described physicians, Plaintiff Alexander
8  claims that she encountered almost a year's delay in obtaining treatment for her foot
9  condition which both exacerbated her physical discomfort and caused emotional
10 distress.
11    Through the motions to drop or sever now before the Court, Drs. Kujok, Debruin
12 and Larsen argue that they have been misjoined as defendants and that any claims
13 against them must accordingly be tried separately.
14
15                          **STANDARD**
16
17    Rule 20(a) authorizes the joinder of defendants in a single proceeding under
18 certain circumstances, stating that all persons

> may be joined in one action as defendants if (A) there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences;  and (B) any question of fact common to all defendants will arise in the action.

23 Fed. R. Civ. P. 20(a)(2).  Subsection (a)(3) of the Rule  clarifies that to be so joined,
24 "[n]either a plaintiff nor a defendant need be interested in obtaining or defending against
25 all the relief demanded."  Id. at 20(a)(3).
26 ///
27 ///
28 ///

4

## ANALYSIS

In interpreting the scope of joinder under Rule 20, the Supreme Court states that "joinder of claims, parties and remedies is strongly encouraged," with a view to "entertaining the broadest scope of action consistent with fairness to the parties." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).  Lower courts have therefore repeatedly recognized that Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final termination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977); see also Mosley v. General Motors Corp., 497 F.2d 1330, 1332-33 (8th Cir. 1974).  To that end, "[t]he Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000).

Moving Defendants opine that joinder should not be permitted because the alleged discrimination against Plaintiff Alexander occurred at different times and locations and involved different actors.  Defendants accordingly urge the Court to find Plaintiff's interactions with the various physicians to be "completely separate" with joinder therefore being inappropriate.

As indicated above, however, the language of Rule 20 itself indicates that claims need not be coextensive in order for joinder to be proper.  Fed. R. Civ. P. 20(a)(3). Plaintiffs argue that Plaintiff's claims arose out of a series of related transactions or occurrences as she was transferred from one Hills Medical Group physician to another and encountered repeated obstacles in accommodating her disability so as to obtain effective care.  Plaintiffs urge the court to find that because the treatment she endured was logically related, joinder should be permitted.  As the Alexander court noted. "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." Alexander, 207 F.3d

at 1323, citing Mosley, 497 F.2d at 1333. The Ninth Circuit has recognized a similarly expansive definition of transaction, even if not directly in the context of a Rule 20 analysis. See, e.g., Bautista v. Los Angeles County, 216 F.3d 837, 842 (9th Cir. 2000) (defining "transaction or occurrence" as meaning "similarity in the factual background of a claim"); see also Union Paving Co. v. Downer Corp., 276 F.2d 468, 470 (9th Cir. 1960) (claims that have definite "logical relationship" arise out of same transaction or occurrence).

Defendants argue that because Plaintiffs' Complaint contains no conspiracy allegations no logical relationship is present and the claims against them should be viewed as entirely distinct. The Court disagrees. All the Defendant physicians are the members of the same medical group, and Plaintiffs allege that the Group's practice of not providing interpreting services led the Defendants to act collectively as they did in uniformly failing to provide them with adequate accommodation. Moreover, the various referrals between Defendants produced the overall pattern of discrimination identified by Plaintiffs. Collectively, there is enough of a "similarity" between claims to find a common series of transactions and occurrences that, in turn, justifies joinder.

Significantly, too, it would be an inordinate waste of judicial time and resources to litigate these claims separately against the various Defendants. Any minimal potential prejudice that could result to Defendants from joinder is far outweighed by the needless cost and effort to both the Court and Plaintiffs that separate trials would entail.

///
///
///
///
///
///
///
///

**CONCLUSION**

For all the reasons set forth below, the Motions to Drop or Sever brought on behalf of Dr. Kujok (ECF No. 25), Dr. DeBruin ECF No. 36), and Dr. Larsen ECF No. 66) are DENIED.

IT IS SO ORDERED.

Dated: January 20, 2016

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT